IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK BURNSIDE | CIVIL ACTION |
| v. | |
| MICHAEL WENEROWICZ, ET AL. | NO. 10-3644 |

**O R D E R**

**AND NOW**, this 22nd day of November 2011, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the response thereto (Docket No. 8) and Petitioner's Reply Brief (Docket No. 12), and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and Petitioner's Objections thereto (Docket No. 18), **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections are **OVERRULED**.[1]

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C.

---

[1] Petitioner's Objections to the Magistrate Judge's Report and Recommendation present no new issues or arguments  Rather, Petitioner reiterates his arguments that (1) his trial counsel was ineffective because he failed to object to a jury instruction that did not permit impeachment of witnesses for expected favorable treatment by the prosecution, and thus limited impeachment to favorable treatment already received; and (2) the trial court violated Petitioner's due process rights when it excluded as hearsay a statement of the co-defendant that arguably bolstered Petitioner's defense that he did not participate in the burning of the victim.  As the Magistrate Judge's Report and Recommendation correctly and adequately addresses both of these issues, we adopt and approve that recommendation and overrule Petitioner's Objections.

   § 2253(c)(2).

5.  The Clerk shall **CLOSE** this case statistically.

              BY THE COURT:


              /s/ John R. Padova
              _____
              John R. Padova, J.